# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DYLAN DONALD TALLMAN,<br><br>                    Plaintiff,<br>v.<br><br>NURSE GOOGLER, RENEE SCHULLER, UNKNOWN *(sued as Captain of Second Shift)*, and JOHN DOE,<br><br>                    Defendants. | Case No. 19-CV-1820-JPS<br><br>**ORDER** |

      Plaintiff Dylan Donald Tallman proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff's initial partial filing fee was waived in this action, and Plaintiff has not notified the Court of his desire to voluntarily dismiss the case. The Court will therefore proceed with screening the action.[1]

---

[1] Plaintiff has filed two motions for appointment of counsel, (Docket #9, #12), which must be denied at this juncture. The Court will entertain such motions at the close of discovery, which will be set in a forthcoming scheduling order. Similarly, because discovery has not begun, the Court must deny Plaintiff's motion for order to review camera footage. (Docket #10). Plaintiff's motion for a phone conference to discuss the motions, (Docket #13), will be denied as moot since this order addresses Plaintiff's pending motions. Finally, Plaintiff's motion for an order to be housed at a different institution, (Docket #14), which discusses an issue with a hospital bill that Plaintiff was asked to pay, must be denied because the Court has no authority over an inmate's placement within the state prison system. *See Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985) ("[I]t is unseemly for federal courts to tell a state or city. . .how to run its prison system.").

The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its

face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on July 28, 2019, during the second shift at Dodge Correctional Institution, Plaintiff spent six days in unit 18, cell 26, strapped to a bed wearing only his undergarments. Plaintiff has been declared mentally ill under Wis. Stat. § 51.42. Plaintiff explains that around

2:00 p.m. he began "feeling delirium," and bit his lip until he bled. (Docket #1 at 2). Every two hours, correctional officers would come in; every four hours, nurses would come in. An unnamed nurse who administered Plaintiff's medication did not evaluate Plaintiff's self-sustained injury and told him that it would coagulate on its own. She "dumped" his medication into his mouth and failed to clean up his face. *Id.* As time wore on, Plaintiff continued to bleed. His blood trickled into his eyes and onto the bed and floor "like an overflown fountain." *Id.* at 3.

At some point during second shift, Nurse Googler ("Googler") attempted to read his blood pressure eighteen times, but was unsuccessful. *Id.* During this time, Plaintiff felt dizzy, had stomach pains, and felt "icy hot" in his veins. *Id.* Googler returned with her supervisor, Nurse Renee Schuller ("Schuller") who took his blood pressure manually, said, "huh," and then left. Googler left with Schuller and sarcastically said goodbye to Plaintiff. Neither Googler nor Schuller addressed the blood in the cell. Plaintiff felt as though he were going to die.

Throughout the third shift, Plaintiff attempted to yell for help, but passed out repeatedly. He began to lose feelings in his legs. Around 11:00 p.m., he complained about the loss of feeling in his legs to Sergeant DeGraw, who called a nurse. The nurse took his blood pressure again, unsuccessfully, approximately eighteen times before doing it manually. Plaintiff's blood pressure read 60/40, so the nurse called an ambulance. At around 11:30 p.m., Plaintiff was released from the restraints—blood still pouring off his body—and taken to Waupun Memorial Hospital, where he continued to feel extremely sick. At Waupun, he was cleaned up, given a blood transfusion, and placed on vitamin supplements.

Plaintiff seeks to proceed on an Eighth Amendment right to medical care claim.[2] Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Plaintiff also seeks to proceed on an Eighth Amendment conditions of confinement claim. Prisoners have a right to certain necessities of life such as "adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. They are also entitled to "sanitation[] and hygienic materials." *Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503 (7th Cir. 2016).

Finally, Plaintiff asks to proceed on medical malpractice claims. A medical malpractice claim requires a showing of "(1) a breach of (2) a duty owed (3) that results in (4) an injury" to plaintiff. *Paul v. Skemp*, 625 N.W.2d

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Although he is being held at a prison, he claims he has not been charged yet with any crimes because he is not competent to stand trial. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment, and will analyze the claims under that standard. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350–54 (7th Cir. 2018).

860, 866 (Wis. 2001); Wis. Stat. § 893.82(5m) (explaining that notices of claims are not required for medical malpractice claims). Medical malpractice arises where a medical professional fails to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." *Sawyer v. Midelfort*, 595 N.W.2d 423, 435 (Wis. 1999).

Generously construed, Plaintiff's allegations state claims for deliberate indifference, unconstitutional conditions of confinement, and medical malpractice against the defendants. Plaintiff alleges that three nurses—an unnamed second-shift nurse, Googler, and Schuller—ignored his profuse bleeding and low blood pressure, and left him strapped to a bed. There are no allegations against a John Doe defendant, therefore that individual will be dismissed from the complaint. The other unknown defendant, "Unknown (Captain in Charge, Second Shift)" should be substituted with the correct individual when her identity is known.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to appoint counsel (Docket #9, #12) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for order to review camera footage (Docket #10) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a phone conference to discuss the motions (Docket #13) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for an order to be housed at a different institution (Docket #14) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendant "John Doe" be and the same is hereby **DISMISSED** from the action;

**IT IS FURTHER ORDERED** that under the informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that Defendants shall file a responsive pleading to the complaint within 60 days;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. If

Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge