# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DYLAN DONALD TALLMAN, <br><br> Plaintiff, <br><br> v. <br><br> BONNIE GUGLER, RENEE SCHUELER, and UNKNOWN CAPTAIN OF SECOND SHIFT, <br><br> Defendants. | Case No. 19-CV-1820-JPS <br><br><br> **ORDER** |

Plaintiff Dylan Donald Tallman, proceeding in this matter *pro se*, filed a complaint alleging that Defendants violated his constitutional rights and state law. (Docket #1). On May 4, 2020, this Court screened the complaint and allowed Plaintiff to proceed with claims of deliberate indifference to his serious medical needs and unconstitutional conditions of confinement in violation of the Eighth Amendment, as well as for state law medical malpractice.[1] (Docket #15).

On May 29, 2020, Defendants filed a combined motion to dismiss for lack of subject matter jurisdiction as to the state law negligence claims and motion for summary judgment for failure to exhaust administrative remedies. (Docket #20). This motion has been fully briefed, and for the reasons explained below, will be granted. The Court will also address Plaintiff's pending motions for default judgment, (Docket #32), for judicial

---

[1] The Screening Order allowed Plaintiff to proceed on medical malpractice claims. (Docket #15). Upon further consideration, the Court finds Defendants are nurses and thus are not subject to such claims. However, they are subject to negligence claims. Therefore, the Court will analyze the state law claims as negligence and not medical malpractice. (*See* Section 1.2, *infra*).

notice, (Docket #35, #48, #49), for temporary restraining orders, (Docket #37, #38, #50), for an order to show cause, (Docket #42), and to void a global settlement offer, (Docket #45).

1.   **MOTION TO DISMISS**

   1.1   **Standard of Review**

The Court evaluates challenges to jurisdictional sufficiency under Federal Rule of Civil Procedure 12(b)(1), which allows the Court to dismiss actions over which it lacks subject-matter jurisdiction. When faced with a jurisdictional challenge, the Court accepts as true the well-pleaded factual allegations found in the complaint, drawing all reasonable inferences in favor of the plaintiff. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).

   1.2   **Relevant Allegations and Analysis**

Defendants Bonnie Gugler ("Gugler") and Renee Schueler ("Schueler") argue that Plaintiff's negligence claims stemming from his interactions with them must be dismissed because Plaintiff has failed to provide timely notice of the claims under Wisconsin's notice of claim statute. Wis. Stat. § 893.82(3). Defendants are correct, and the state law negligence claims against them will be dismissed without prejudice accordingly.

To start, Wis. Stat. § 893.82's notice of claim requirement does not apply to medical malpractice claims. Wis. Stat. § 893.82(5m) ("With regard to a claim to recover damages for medical malpractice, the provisions [requiring notice of claim] do not apply."); *see also Hines v. Resnick*, 807 N.W.2d 687, 690 n.3 (Wis. Ct. App. 2011) (noting that "[n]otices of claim under Wis. Stat. § 893.82 are no longer required for medical malpractice claims."). But as nurses, Defendants Gugler and Schueler are not subject to

state law malpractice claims. *See* Wis. Stat. § 655.001–.002; *Patients Compensation Fund v. Lutheran Hosp.-La Crosse, Inc.*, 588 N.W.2d 35, 41 (Wis. 1999).

However, Defendants Gugler and Schueler are subject to state law negligence claims, which do require compliance with Wisconsin's notice-of-claim statute. Section 893.82(3) of the Wisconsin Statutes requires, as a precondition to suit against a state employee, that notice be served upon the attorney general within 120 days of the event-causing injury. Wis. Stat. § 893.82(3). The statute is treated as jurisdictional. *Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 782 (7th Cir. 2010). Plaintiff never served a notice of claim on the Attorney General of Wisconsin, as required by Wis. Stat. § 893.82(3), (5), regarding his negligence claims against Defendants Gugler and Schueler. Therefore, the negligence claims against those defendants will be dismissed without prejudice.

**2.     SUMMARY JUDGMENT**

   **2.1     Legal Standard**

Federal Rule of Civil Procedure 56 provides that the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

### 2.2 Exhaustion of Prisoner Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). He must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Id.*; *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). A suit must be dismissed if it was filed before exhaustion was complete, even if exhaustion is achieved before judgment is entered. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The exhaustion requirement furthers several purposes, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record, and reducing the scope of litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by a defendant. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

#### 2.2.1 Inmate Complaint Review System

The Wisconsin Department of Corrections ("DOC") maintains an inmate complaint review system ("ICRS") to provide a forum for administrative complaints. Wis. Admin. Code § DOC 310.04. The ICRS "allow[s] inmates to raise in an orderly fashion issues regarding department policies, rules, living conditions, and employee actions that personally affect the inmate or institution environment, including civil rights claims." *Id.* § DOC 310.01(2)(a). Before commencing a civil action or

special proceedings, "inmate[s] shall exhaust all administrative remedies the [DOC] has promulgated by rule." *Id*. § DOC 310.05.

There are two steps an inmate must take to exhaust the available administrative remedies. First, the inmate must file an offender complaint with the Institution Complaint Examiner ("ICE") within 14 days of the events giving rise to the complaint. *Id.* § DOC 310.07(2). The ICE may reject the complaint or return the complaint to the inmate and allow him or her to correct any issue(s) and re-file within ten days. *See id.* § DOC 310.10(5),(6). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id.* § DOC 310.10(10).[2] If the complaint is not rejected, the ICE issues a recommendation of either dismissal or affirmance to the reviewing authority. *Id.* § DOC 310.10(9),(12). The reviewing authority ("RA") will affirm or dismiss the complaint, in whole or in part, or return the complaint to the ICE for further investigation. *Id.* § DOC 310.11(2).

Second, if the ICE recommends, and the RA accepts, dismissal of the complaint, the inmate may appeal the decision to the Corrections Complaint Examiner ("CCE") within fourteen days. *Id.* §§ DOC 310.09(1), 310.12. The CCE issues a recommendation to the Secretary of the Department of Corrections, who may accept or reject it. *Id.* §§ DOC 310.12(2), 310.13. The inmate exhausts this administrative process when either he or she receives the Secretary's decision. *Id.* § DOC 310.13(2),(3). If the inmate does not receive the Secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted. *Id.* § DOC 310.13(4).

---

[2]The ICRS defines a "reviewing authority" as "a person who is authorized to review and decide an inmate complaint." Wis. Admin. Code § DOC 310.03(15).

3.  **RELEVANT FACTS**[3]

Plaintiff alleges that on July 28, 2019, he was subjected to unconstitutional conditions of confinement and deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, and to medical malpractice[4] by Defendants Gugler and Schueler. (Docket #1).

On, July 30, 2019, Plaintiff submitted an inmate complaint related to the July 28, 2019 incident. (Docket #23 at 2). His complaint was marked received on August 1, 2019. (*Id.*) On that same date, the ICE returned Plaintiff's inmate complaint because he had not shown that he had attempted to resolve the issue prior to filing the complaint. (Docket #23-2). In an accompanying letter, the ICE explained that Plaintiff's inmate complaint was being returned, and not rejected, so that he would have the opportunity to fix identified errors and resubmit his complaint within ten days. (*Id.*) Specifically, the ICE requested that Plaintiff provide proof of his attempt to resolve the issue before filing the complaint, and if he did not have any proof, Plaintiff was told to contact the HSU manager. (*Id.*) Plaintiff never resubmitted his inmate complaint. (Docket #23 at 2).

Instead of resubmitting his inmate complaint, on September 26, 2019, Plaintiff submitted an inmate complaint appeal regarding the July 28, 2019 incident to the CCE. (Docket #23 at 3; #23-3). His appeal was marked received on September 30, 2019. (Docket #23-3). The appeal was not accepted by the CCE and was returned to Plaintiff because the appeal did not list a complaint file number. (*Id.*) There was no complaint file number

---

[3]Plaintiff has failed to respond to Defendants' proposed findings of fact, and, therefore, they are undisputed.

[4]Although Plaintiff sought to allege medical malpractice claims, the defendant nurses are not subject to such claims, which have instead been considered herein as state law negligence claims. (*See* Section 1.2, *supra*).

Page 6 of 10
Case 2:19-cv-01820-JPS   Filed 03/05/21   Page 6 of 10   Document 56

because Plaintiff never submitted an inmate complaint that was accepted. (Docket #23 at 3).

On December 4, 2019, Plaintiff submitted another inmate complaint, which was marked received on December 5, 2019. (Docket #23-4). His complaint was not about the July 28, 2019 incident, but rather was about the ICE not entering his prior inmate complaints since July 28, 2019. (*Id.*) The ICE rejected the complaint for untimeliness. (Docket #23 at 3; #23-4). Plaintiff did not appeal the rejection. (Docket #23 at 3).

4. **ANALYSIS**

Defendants allege that Plaintiff has not exhausted his administrative remedies on the claims against them, and therefore, this case must be dismissed. Plaintiff's response is rambling and focuses on many irrelevant issues. However, the Court has ferreted out two arguments by Plaintiff as to the exhaustion requirement. Neither has merit.

First, Plaintiff alleged that he could not use a pen at the time of his first inmate complaint because he was on observation status. (Docket #25 at 1–2). The inmate complaint does indicate that Plaintiff could not sign it due to his observation status. (Docket #23-2 at 2). A prison employee transcribed what Plaintiff wanted to write for his first inmate complaint. (Docket #25-1 at 2). However, Plaintiff's ability to use a pen had nothing to do with why the inmate complaint was returned. That is, his complaint was returned by the ICE because Plaintiff failed to indicate if he attempted to resolve the issue prior to filing, and he was invited to provide proof that he had done so and resubmit his complaint. (Docket #23 at 2; #23-2). Plaintiff did not follow the ICE's directive and failed to resubmit his inmate complaint. (*Id.*) Thus, Plaintiff's lack of a pen had no effect on his ability to exhaust his administrative remedies as to the July 28, 2019 incident.

Second, Plaintiff asserted that "documents I file disappear around here," as a reason why he did not exhaust his administrative remedies. (Docket #25 at 2). Plaintiff submitted two exhibits to support this statement. (*Id.*; Docket #25-1 at 4–5). The exhibits are an appeal of a contested hearing form, signed on April 30, 2020, and an interview/information request regarding the same. (Docket #25-1 at 4–5). Neither exhibit supports Plaintiff's assertion about documents disappearing, and neither exhibit is relevant to the underlying issues of this case. Thus, Plaintiff has not submitted any proof beyond speculation and irrelevant documents to substantiate his claim of disappearing documents related to his exhaustion of administrative remedies regarding the July 28, 2019 incident.

Additionally, the ICRS provides safeguards against submissions disappearing. The system requires that a prisoner receive written notice that his complaint was received or that the complaint be returned to the prisoner within ten days. Wis. Admin. Code § DOC 310.10(4), (5). If Plaintiff did not receive notice of receipt or return of his "disappearing documents," that should have been a "red flag" that something was wrong. *See Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019); *Pickens v. Schmidt*, No. 19-CV-741, 2020 WL 4530717, at *2 (E.D. Wis. Aug. 6, 2020).

Moreover, inmates have opportunities to address issues they encounter during the inmate complaint process. Wis. Admin. Code §§ DOC 310.04(1), 310.06. They can file an information request with the inmate complaint examiner, or they can file a grievance to complain about interference with their efforts to file an inmate complaint. In fact, Plaintiff has submitted such an information request as an exhibit, so it appears that he knows how to use them. (Docket #25-1 at 5). However, Plaintiff has not presented any evidence that he used such procedures to inquire as to why

Page 8 of 10
Case 2:19-cv-01820-JPS    Filed 03/05/21    Page 8 of 10    Document 56

he had not received a notice from the ICE regarding his inmate complaint as to the July 28, 2019 incident. "Having failed to make that inquiry, he may not now counter evidence that the prison did not receive his [documents] with a bald assertion of a timely filing." *Lockett*, 937 F.3d at 1027.

Based on the undisputed facts, Plaintiff did not exhaust his administrative remedies before filing suit. Plaintiff never submitted an inmate complaint that was accepted by the ICE regarding the July 28, 2019 incident. Plaintiff's initial complaint was returned to Plaintiff so that he could remedy specified errors and resubmit it to the ICE. Plaintiff failed to do so. Months later, Plaintiff submitted another inmate complaint—not addressing the July 28, 2019 incident—but rather complaining that the ICE was not entering his complaints. The ICE rejected that complaint for untimeliness, and Plaintiff did not appeal.

In sum, Plaintiff never submitted an inmate complaint that was accepted by the ICE regarding the July 28, 2019 incident. Thus, Plaintiff has failed to exhaust his administrative remedies. Therefore, the Court will grant Defendants' motion for summary judgment for failure to exhaust and dismiss this case without prejudice.[5]

## 5. CONCLUSION

For the reasons explained above, Defendants' combined motion to dismiss for lack of jurisdiction and motion for summary judgment for failure to exhaust, (Docket #20), will be granted. Given that the Court is obliged to dismiss this case without prejudice, Plaintiff's pending motions for default judgment, (Docket #32), for judicial notice, (Docket #35, #48, #49),

---

[5] Although it seems clear that Plaintiff will not be able to complete the ICRS process for his claims at this late date, dismissals for failure to exhaust are always without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

for temporary restraining orders, (Docket #37, #38, #50), for an order to show cause, (Docket #42), and to void a global settlement offer, (Docket #45), will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss, and for summary judgment for failure to exhaust (Docket #20), be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's state law negligence claims be and the same are hereby **DISMISSED without prejudice** for Plaintiff's failure to issue a notice of claim;

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment claims be and the same are hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies;

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (Docket #32), motions for judicial notice (Docket #35, #48, #49), motions for temporary restraining orders (Docket #37, #38, #50), motion for an order to show cause (Docket #42), and motion to void a global settlement offer (Docket #45), be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 5th day of March, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge