UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DYLAN DONALD TALLMAN,<br><br>                              Plaintiff,<br><br>v.<br><br>BONNIE GUGLER, RENEE SCHUELER, and UNKNOWN CAPTAIN OF SECOND SHIFT,<br><br>                            Defendants. | Case No. 19-CV-1820-JPS<br><br>**ORDER** |

**1.    INTRODUCTION**

On March 5, 2021, the Court granted Defendants' motion to dismiss Plaintiff's state-law claims for lack of jurisdiction and his federal-law claims for failure to exhaust administrative remedies. (Docket #56). On March 11, 2021, Plaintiff filed a motion for reconsideration. (Docket #58). For the reasons stated below, the Court will deny Plaintiff's motion.

**2.    LEGAL FRAMEWORK**

Federal Rule of Civil Procedure 59(e) empowers a court to alter or amend a judgment on motion by a party. Fed. R. Civ. P. 59(e). A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The party seeking relief under this Rule must establish "a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996),

but the movant must first "clearly establish" his right to relief, *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

"Appeal, not reconsideration, is the time to deal with the majority of legal errors," and only "manifest errors . . . so obvious that no additional explanation is needed or possible" are proper subjects of a Rule 59 motion. *Burney v. Thorn Ams., Inc.*, 970 F. Supp. 668, 671 (E.D. Wis. 1997). Such error "is not demonstrated by the disappointment of the losing party" but instead by "the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

3.  **ANALYSIS**

Plaintiff filed this suit on December 12, 2019. (Docket #1). On Defendants' motion for summary judgment, the Court determined that Plaintiff had not exhausted administrative remedies for his Eight Amendment claim that arose out of incidents that occurred on July 28, 2019. (Docket #56). Plaintiff now moves the Court to reconsider its order on summary judgment. (Docket #58).

In his motion, Plaintiff states that he eventually exhausted his administrative remedies. (*Id.* at 1–2). He points the Court to a copy of his inmate complaint history report. (Docket #58-1). Specifically, Plaintiff discusses an entry dated September 1, 2020 ("D.C.I. 2020-15039"). (Docket #58 at 2). Plaintiff "asks [the] court to reverse [its] decision due to this being fully exhausted over 6-months ago in D.C.I. 2020-15039." (*Id.*)

Even assuming D.C.I. 2020-15039 exhausted Plaintiff's claims in this case, the Court was still correct to grant summary judgment to Defendants. "By its plain terms, the [Prison Litigation Reform Act] requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later'

approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020). Plaintiff filed this case on December 12, 2019; in his motion, he alleges that he exhausted his administrative remedies on or after September 1, 2020—months after filing suit. Accordingly, Plaintiff has not met his burden under Rule 59(e).[1]

4. **CONCLUSION**

Based on the above, the Court will deny Plaintiff's motion for reconsideration. (Docket #58).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #58) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[1] In his reply brief, Plaintiff introduces new arguments as to why the Court should reverse its decision. (Docket #60). Plaintiff argues that, procedurally, the litigation was not yet ripe for a summary judgment motion. (*Id.*) The Court need not address Plaintiff's newly offered arguments. A reply brief "must not present matters that do not relate to the response." Fed. R. Civ. P. 27(a)(4). In other words, "arguments raised for the first time in a reply brief are waived." *Darif v. Holder*, 739 F.3d 329, 336 (7th Cir. 2014).